STATE OF NORTH CAROLINA v. CHARLES SHEPHERD

No. 7224SC617

(Filed 22 November 1972)

Criminal Law § 23— voluntariness of guilty plea

Where the record shows that defendant was aware of the consequences of his guilty plea and knew that he could be sentenced to imprisonment for up to 21 years, his plea was knowingly, voluntarily and understandingly made.

APPEAL by defendant from *Hasty, Judge,* 27 March 1972 Session of WATAUGA County Superior Court.

By bill of indictment proper in form defendant was charged in Case No. 72CR480 with felonious escape, being defendant's second escape. By a second bill of indictment also proper in form defendant was charged in Case No. 72CR387 with felonious breaking and entering and larceny. Upon arraignment on the charges in the two cases, defendant, through court-appointed counsel, tendered pleas of guilty to misdemeanor escape and to felonious breaking and entering and larceny. Whereupon defendant was questioned in open court by the presiding judge concerning his understanding of the consequences of his pleas of guilty and concerning his voluntary assent thereto, and defendant signed and swore to a written "transcript of plea" which contained his answers to the judge's questions. The judge then signed an order adjudicating that defendant's pleas of guilty had been freely, understandingly and voluntarily made, without undue influence, compulsion or

duress, and without promise of leniency. In Case No. 72CR387, in which defendant had pleaded guilty to felonious breaking and entering and larceny, judgment was entered sentencing defendant to prison as a committed youthful offender for a term not to exceed three years, this sentence to commence at the expiration of the sentences previously imposed, which the defendant was then serving, and not to run concurrently therewith. In Case No. 72CR480, in which defendant had pleaded guilty to misdemeanor escape, judgment was entered sentencing defendant to prison as a youthful offender for a period not to exceed twelve months, this sentence to commence at the expiration of the sentence imposed in Case No. 72CR387, not to run concurrently therewith, and not to run concurrently with the sentences the defendant was then serving.

Defendant appealed, and at his request the court appointed new counsel to represent him in the appeal.

*Attorney General Robert Morgan by Associate Attorney Ralf F. Haskell for the State.*

*Finger & Greene by C. Banks Finger for defendant appellant.*

CAMPBELL, Judge.

This is a companion case to *State v. Wyatt* also filed this date. Here, as in *Wyatt,* the record affirmatively shows that the defendant's plea was knowingly, voluntarily, and understandingly made. *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969). Where the defendant is fully aware of the consequences of his guilty plea such as the waiver of his right to trial by jury and the right to confront his accusers, and specifically that he could be sentenced to imprisonment for as much as twenty-one years, there is no merit to the contention that he did not understand that he was pleading guilty to any felonies but thought he was pleading guilty only to misdemeanors.

No error.

Judges MORRIS and PARKER concur.